IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff/Respondent | ) ) ) |
| v. | ) Crim. No. 98-24-SLR |
| TSCHAKA FORTT, | ) ) ) |
| Defendant/Petitioner. | ) |

**MEMORANDUM**

At Wilmington this 9ᵗʰ day of September, 2014, having considered Tschaka Fortt's motion for relief pursuant to 28 U.S.C. § 2241, and the papers submitted in connection therewith, the court will deny the motion based on the following analysis:

1. **Background.** On February 10, 1998, a federal grand jury indicted plaintiff/respondent Tschaka Fortt ("Fortt") on charges: (1) conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and 846; (2) using a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and (3) aiding and abetting in the distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) and 18 U.S.C. § 2. (D.I. 9)

2. At the time the indictment was filed, Fortt was in state custody as a pretrial detainee on separate state offenses. Plaintiff/respondent ("the government") filed a motion for a writ of habeas corpus ad prosequendum so that Fortt could be brought to court to answer the federal charges. (D.I. 11)

3. On June 22, 1998, Fortt pled guilty to counts one and two of the indictment. (D.I. 23, 24) On September 25, 1998, Judge Joseph J. Longobardi sentenced Fortt to a

term of imprisonment of 41 months on count one and a term of imprisonment of 60 months on count two, resulting in a total of 101 months of imprisonment.[1] (D.I. 27) The court ordered the terms of imprisonment to run consecutively to each other. The judgment did not mention Fortt's pending state charges, which at that time were unresolved. At the conclusion of the sentencing hearing, Fortt was remanded back into state custody to face the pending state charges.

4. Subsequently, Fortt was convicted of the state charges and sentenced to a term of imprisonment of twenty years. Fortt is currently serving this sentence at the James T. Vaughn Correctional Center ("JTVCC"), Smyrna, Delaware. (*Id.* at 22) Fortt's federal sentence will begin on the date that he is released from his state sentence.[2]

5. In August 2007 and January 2011, Fortt wrote to the Director of the United States Bureau of Prisons ("BOP") requesting that the BOP designate JTVCC nunc pro tunc as the place for service of his 101 month federal sentence pursuant to 18 U.S.C. § 3621(b). Having received no response from the BOP, on September 29, 2011, Fortt filed a motion for relief pursuant to 28 U.S.C. § 2241 ("first motion"). (D.I. 41) The case was reassigned from Judge Longobardi, who had retired, to the undersigned on October 5, 2011. The government was ordered to file a response to the first motion. (D.I. 42)

---

[1]Count three of the indictment was dismissed per the government's motion. (D.I. 25)

[2]Fortt's maximum release date is July 19, 2020, with a good time release date of May 13, 2018. (D.I. 46 at ex. 2)

2

6. The government replied, explaining that Fortt had not followed the applicable administrative procedures outlined in BOP Program Statement No. 5160.05. The court agreed and denied the motion without prejudice to renew in order to allow Fortt the opportunity to file a request consistent with BOP policy provisions. (D.I. 49)

7. In June 2013, Fortt complied with the appropriate BOP directives and wrote to the Regional Inmate Systems Administrator ("RISA") requesting nunc pro tunc designation of JTVCC as the place of service for his federal sentence. (D.I. 51, ex. 2)

8. By letter dated July 18, 2013, the BOP requested the court's position on the retroactive designation of JTVCC as Fortt's place of confinement for his federal sentence. On July 24, 2013, the court forwarded the letter to the U.S. Probation Office and the U.S. Attorney's Office requesting a response to the BOP inquiry. Neither the Probation Office nor U.S. Attorney's Office submitted a response. Consequently, the court did not respond to the BOP's letter.

9. By letter dated November 1, 2013, the BOP informed Fortt that it had considered his case under the factors outlined in 18 U.S.C. § 3621(b)(2), (3) and (4) and determined that a retroactive designation was not appropriate. (D.I. 53, ex. 2) Specifically, with respect to factor (2), the BOP remarked that Fortt's federal offenses were conspiracy to distribute cocaine and using/carrying a firearm during a drug offense. Fortt's state offenses were robbery 1st degree and possession of a firearm during commission of a felony. Under factor (3), Fortt had previous criminal convictions. The BOP further noted, under section (4), that the judgment was silent regarding the relationship of the federal and state sentences. Moreover, "[p]ursuant to 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times run

3

consecutive unless the court orders that the terms are to run concurrently." (D.I. 53, ex. 2 at 2) The BOP advised that the court was contacted for a position on a retroactive designation, but a response was not received. (*Id.*)

10. On December 9, 2013, Fortt filed the motion at bar ("second motion") and the court ordered the government to file a response. (D.I. 51, 52) On January 23, 2014, the government requested a 60-day stay of proceedings in order "to obtain the documentation necessary to respond to Fortt's allegations and to advise the court with respect to Fortt's request." (D.I. 53) Said motion was granted. (D.I. 54) The matter is fully briefed. (D.I. 55, 57)

11. **Discussion.** Fortt contends that the BOP abused its discretion when it denied nunc pro tunc designation of the JTVCC state facility for service of his federal sentence. (D.I. 51) In response, the government submits that the BOP's decision is supported by the record and Fortt's history, including his conduct while incarcerated. (D.I. 55)

12. The Attorney General is charged with computing federal sentences for all offenses committed on or after November 1, 1987. *United States v. Wilson*, 503 U.S. 329 (1992). In turn, the Attorney General has delegated this responsibility to the Director of the BOP. 28 C.F.R. § 0.96 (1992). Computation of a federal sentence is a two-step process considering: (1) the date on which the federal sentence commences; and (2) the extent to which credit is awardable for time spent in custody prior to the commencement of the sentence. *See* 18 U.S.C. § 3585.

4

13. In the exercise of its discretion, the BOP has authority to designate as a place of federal confinement, nunc pro tunc, the facilities in which a federal prisoner serves an earlier state sentence. *Barden v. Keohane*, 921 F.2d 476, 480-83 (3d Cir. 1990). Specifically, 18 U.S.C. § 3621(b), in part, provides:

> The BOP shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable considering -
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence - . . . .

14. The BOP considers an inmate's request for credit toward a federal sentence for time spent in service of a state sentence as a request for nunc pro tunc designation. *Barden*, 921 F.2d at 476; BOP Policy Statement No. 5160.05 Section 9.b(4)(a). In evaluating the inmate's request, the BOP (through the RISA) initiates the process by sending a "letter to sentencing court (either the chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections." BOP Policy Statement No. 5160.05 Section 9.b(4)(c).[3]

15. The Policy Statement does not mandate that a court respond to its request. *Id.* at Section 9.b(4)(d). Further, "[w]hen the original sentencing judge is no longer available and the assigned judge offers no opinion, the RISA will make a determination

---

[3]"Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy." *Id.*

5

based on the particular merits of the case." *Id.* at Section 9.b(4)(e). The BOP is under no obligation to grant the inmate's request. The decision of the BOP is subject to judicial review only for abuse of discretion. *Barden,* 921 F.2d at 478. The test for a reviewing court is whether there is "error that is fundamental and carries a serious potential for a miscarriage of justice." *Eccleston v. United States,* 390 Fed. Appx. 62, 64 (3d Cir. 2010) (per curiam) (unpublished).

16. The record at bar reflects that, upon receiving Fortt's request for nunc pro tunc designation, the BOP properly contacted this court for its position. Because the sentencing judge (Judge Longobardi) had long ago retired, the court solicited input from the Probation and United State's Attorney's offices, neither of which submitted a response. As a result, the court did not respond, causing the BOP to continue its analysis under 18 U.S.C. § 3621(b) and, ultimately, conclude that concurrent designation is not appropriate. It appears from this record that the BOP duly considered Fortt's request, weighed the factors and properly exercised its discretion under 18 U.S.C. 3621(b). In his papers, Fortt has not identified any material information that was overlooked or discounted. He has not established any abuse of discretion in the BOP's consideration of his request.

17. **Conclusion.** For the reasons stated, Fortt's petition is denied. An appropriate order shall issue.

                                                                                   *[signature]*
                                                                 United States District Judge