IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 98-24-SLR |
| | ) | |
| TSCHAKA FORTT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

At Wilmington this 21st day of June, 2017, having considered Tschaka Fortt's motion for downward departure, and the papers submitted in connection therewith, the motion is denied for the following reasons:

1. On February 10, 1998, a federal grand jury indicted defendant Tschaka Fortt on charges of: (1) conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and 846; (2) using a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and (3) aiding and abetting in the distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) and 18 U.S.C. § 2. (D.I. 9)

2. On June 22, 1998, defendant pled guilty to counts one and two of the indictment. (D.I. 23, 24) On September 25, 1998, Judge Joseph J. Longobardi sentenced defendant to a term of imprisonment of 41 months on count one and a term of imprisonment of 60 months on count two, resulting in a total of 101 months of

imprisonment.[1] (D.I. 27) At the conclusion of the sentencing hearing, defendant was remanded back into state custody to face pending state charges.[2]

3. Defendant appealed the sentence, arguing that the trial court erred in calculating his offense level when it included 15.33 grams of crack cocaine as relevant conduct.[3] (D.I. 73 at ex. A) Defendant did not raise any other Guidelines-based arguments.

4. On May 4, 1999, the Third Circuit affirmed defendant's sentence. (D.I. 32) The Supreme Court denied certiorari on October 4, 1999. (D.I. 34) In response to defendant's letter seeking information about filing an appeal, the Clerk of Court mailed forms[4] to his prison address in April 2001. (D.I. 49)

5. On September 29, 2011, defendant filed a motion for relief under 28 U.S.C. § 2241.[5] (D.I. 41) On June 8, 2012, the court denied his motion without prejudice in

---

[1] Under the applicable United States Sentencing Guidelines ("the Guidelines"), defendant's Criminal History Category was VI. The judgment did not mention state charges (three armed robberies and drug offenses) that were pending against defendant.

[2] Subsequently, defendant was convicted of the state charges and sentenced to a term of imprisonment of twenty years. Defendant's federal sentence will begin on the date that he is released from his state sentence. According to information from Probation and Pretrial Services, defendant's maximum release date is July 19, 2020, with a good time release date of May 13, 2018.

[3] After a search of defendant's residence, police found $1,640 in cash, 15.33 grams of crack cocaine, a scale, and ledgers. As a result, the State of Delaware charged defendant with, inter alia, trafficking in cocaine and possession with intent to deliver cocaine.

[4] It is unclear which forms were mailed to defendant.

[5] Defendant sought to have the Bureau of Prisons ("BOP") designate the state facility as the place for service of his 101 month federal sentence pursuant to 18 U.S.C.

order for defendant to follow the appropriate procedure for relief with the BOP. (D.I. 49)

6. On December 9, 2013, defendant moved for relief under § 2241 arguing that the BOP abused its discretion when it denied his request for nunc pro tunc designation of a state facility for service of his federal sentence. (D.I. 51) The court denied the petition on September 9, 2014. (D.I. 59) On August 17, 2015, the Third Circuit affirmed the decision. (D.I. 67)

7. On March 6, 2017, defendant filed a motion for downward departure, asserting his prior convictions are for minor offenses that do not "amount to [sufficiently] egregious serious past criminal conduct" to warrant a Criminal History Category of VI. (D.I. 68) He requests resentencing using Criminal History Category III, which would be a downward departure based on Guideline § 4A1.3.

8. Plaintiff opposes the motion, arguing that defendant waived this issue by not raising the argument at sentencing (in 1998) and on direct appeal (1998-1999). (D.I. 73) In reply, defendant urges the court to be lenient and grant the motion, even though the issue was not previously presented. (D.I. 74)

9. "When an issue is either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal." Nagle v. Alspach, 8 F.3d 141, 143 (3d Cir. 1993); see United States v. Barbosa, 271 F.3d 438, 455 (3d Cir. 2001). The record reflects that over 17 years have passed since the time of defendant's sentencing and direct appeal.[6]

---

§ 3621(b).

[6]It is also undisputed that defendant has not filed a petition for relief pursuant to 28 U.S.C. § 2255. The court expresses no opinion on the merit of any such petition on

At neither proceeding were objections made or arguments presented regarding his Criminal History Category. Accordingly, defendant's motion is denied.

                                                                    */s/*
                                       Senior United States District Judge

the record at bar.