IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TSCHAKA FORTT,<br><br>Defendant. | Criminal Action No. 98-00024-CFC |

Alexander P. Ibrahim, ASSISTANT UNITED STATES ATTORNEY, Wilmington, Delaware

   *Counsel for United States*

Tschaka Fortt, Pro Se Defendant

   *Counsel for Defendant*

**MEMORANDUM OPINION**

August 26, 2020
Wilmington, Delaware

                                      */s/ Colm F. Connolly*
                              COLM F. CONNOLLY
                              UNITED STATES DISTRICT JUDGE

Pending before me is Defendant Tschaka Fortt's Motion to Reduce/Modify Sentence Under 18 U.S.C. § 3582(c)(1)(A) (D.I. 88). Section 3582(c)(1)(A)(i) empowers the Court to modify a term of imprisonment when "extraordinary and compelling reasons warrant such a reduction[.]" The Government opposes Fortt's motion. *See* D.I. 92.

## I.    BACKGROUND[1]

In February 1998, a federal grand jury returned a three-count Indictment against Fortt, charging him with: (1) conspiracy to distribute cocaine (Count One); (2) using a firearm during and in relation to a drug trafficking offense (Count Two); and (3) aiding and abetting the distribution of cocaine (Count Three). D.I. 9. Because Fortt was in state custody at the time on separate state charges, he was brought into federal custody on a writ of habeas corpus ad prosequendum. Fortt pleaded guilty to Counts One and Two. The Court sentenced him to 41 months imprisonment on Count One and 60 months imprisonment on Count Two, to run consecutively for a total of 101 months. The judgment was silent as to whether

---

[1] The factual and procedural background of this case is undisputed. *See* D.I. 88 at 2–3; D.I. 92 at 1–2.

Fortt's federal sentence would run consecutively to or concurrently with any time imposed by the State of Delaware on its unrelated charges.

Fortt was then returned to state custody and was sentenced by a state court in December 1999 to 22 years in state prison for attempted first degree robbery, possession of a firearm during commission of a felony, possession with intent to distribute a controlled substance, and violation of probation. While in state custody, Fortt sought to have his federal sentence begin running while he was serving his state sentence. Fortt's request was denied by the Federal Bureau of Prisons (BOP). *See* D.I. 58 ¶¶ 5–9. The BOP's denial was then affirmed by Judge Robinson of the U.S. District Court for the District of Delaware, *see id.* ¶¶ 16–17; D.I. 59, and the Third Circuit, *see* D.I. 67.

When Fortt completed his state sentence in early 2018, he was transferred to federal custody. In August 2018, Fortt's 41-month sentence on Count One was reduced to 30 months based on retroactive amendments to the drug guidelines, resulting in an overall 90-month federal sentence. Fortt is now serving the remainder of that 90 months and is scheduled to be released in July 2024.

In May 2020, after filing a request for release with the BOP that was denied, Fortt filed this motion requesting that the Court order his immediate release from prison. Fortt argues in his motion that the following are "extraordinary or

2

compelling circumstances which could not reasonably have been foreseen" at the time of sentencing:

- Defendant's criminal offenses in 1995 were nonviolent . . . and he hasn't been granted any relief since he was sentenced by the District Court in 1998.

- Defendant's criminal history is virtually non-existent because he hasn't committed or thought about committing a crime in more than 22 consecutive years.

- The amount of time the Defendant has been incarcerated after being sentenced by the District Court.

- The Defendant's age at the time of sentencing and his age now.

- The Defendant's disciplinary history in the BOP has been exceptional.

- The Defendant's institutional adjustment is remarkable.

- The Defendant's rehabilitation (program participation) is very good.

- The federal sentencing court would not reasonably believe that the defendant's federal term of imprisonment that he received in 1998 would not have commenced until 2018.

- The federal sentencing court failed to run the defendant's federal sentence concurrent with his yet to be imposed state sentence through mistake or inadvertence.

- This motion is the defendant's only remedy left after imposition of his federal sentence in 1998 to correct the federal sentencing court's failure to order his federal

3

> sentence to be run concurrent[ly] with his yet to be imposed state sentence.
>
> • The Coronavirus (COVID-19) pandemic puts the Defendant's life in grave danger without the benefit to practice social distancing at will . . . .

D.I. 88 at 3–4. In his motion, Fortt "make[s] clear that he is not contesting the legality or fairness of his sentence[;] he only prays this honorable court consider his motion for reduction/modification of his sentence based on a combination of all the extraordinary or compelling circumstances" he lists in his motion. *Id.* at 5.

## II. ANALYSIS

18 U.S.C. § 3582(c)(1)(A) provides that "after considering the factors set forth in section 3553(a) to the extent that they are applicable" a court may reduce a defendant's term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. §3582(c)(1)(A). This request is often styled as a "motion for compassionate release." *See, e.g., United States v. Rodd*, 966 F.3d 740, 741 (8th Cir. 2020).

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) and changed the procedure for requesting compassionate release. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 603(b) (2018). Before the First Step Act, requests for compassionate release could only come from the Director of the BOP.

4

Now, an incarcerated defendant is allowed to bring his own motion for compassionate release if he has exhausted his administrative appeals or if the warden of his prison facility receives a request for compassionate release and does not respond to it within 30 days. *Id.*[2]

Section 994(t) of Title 28 delegates authority to the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction . . . ." The Federal Sentencing Guidelines list as "extraordinary and compelling reasons" to grant compassionate release: (1) serious medical conditions, such as a terminal illness; (2) age of the defendant;[3] and (3) family circumstances, such as the death or incapacitation of the caregiver of the defendant's minor children. U.S.S.G. § 1B1.13 cmt (1). The guidelines also include a catchall provision empowering the Director of the BOP to find "extraordinary and compelling" reasons in a particular case. U.S.S.G. § 1B1.13 cmt (1)(D).

---

[2] The Government acknowledges that Fortt has met the exhaustion requirement. *See* D.I. 92 at 2 n.1.

[3] Age of the defendant is further qualified under the sentencing guidelines. Age only qualifies as an extraordinary and compelling reason to reduce a defendant's term of imprisonment if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13 cmt (1)(B).

5

The sentencing guidelines have not been updated since the passage of the First Step Act. *See* U.S.S.G. § 1B1.13 (listing the last amendment as November 1, 2018). Accordingly, some courts "have concluded that the old policy provides helpful guidance[] but does not constrain a court's independent assessment of whether extraordinary and compelling reasons warrant a sentence reduction under § 3852(c)(1)(A)." *United States v. Rodriguez*, ___ F.Supp.3d ___, 2020 WL 1627331, at *4 (E.D. Pa. Apr. 1, 2020) (quotation marks and citations omitted). Other courts, however, "continue to follow the pre-First Step Act policy statements of the Sentencing Commission, reasoning that Congress would have amended the content of the law to reflect a more generous standard if it had meant the Sentencing Commission to expand upon the policy." *United States v. Rodd*, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019), *aff'd*, 966 F.3d 740 (8th Cir. 2020) (citations omitted).

Whether the sentencing guidelines merely offer guidance or are mandatory does not matter in this case because Fortt has not shown under either standard that there are extraordinary and compelling reasons that justify granting compassionate release. None of the circumstances that Fortt outlines in his motion fit into the categories laid out in the Sentencing Guidelines: Fortt does not have a serious medical condition; he is fifty years old; he does not have any extraordinary family circumstances; and the Director of the BOP has not found extraordinary and

compelling reasons for compassionate release under the catch-all provision. Although Fortt says that the COVID-19 pandemic puts his life in grave danger, Fortt does not have any underlying medical conditions that make him particularly vulnerable to COVID-19, and COVID-19 alone is not an extraordinary circumstance that justifies compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even assuming that I can and should make an independent assessment of whether extraordinary and compelling reasons warrant a sentence reduction, I do not find that there are extraordinary and compelling reasons to reduce Fortt's sentence. Most of Fortt's motion is an attempt to relitigate whether his federal sentence should have run concurrently with his state sentence. That issue has already been decided by the BOP, the District of Delaware, and the Third Circuit, and there is no need to revisit it now. Fortt's motion also notes his rehabilitation. Although Fortt's progress is commendable, it is not an extraordinary and compelling reason to grant compassionate release.

## III.  CONCLUSION

For the reasons stated above, I will deny Tschaka Fortt's Motion to Reduce/Modify Sentence Under 18 U.S.C. § 3582(c)(1)(A) (D.I. 88).

The Court will enter an Order consistent with this Memorandum Opinion.