IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TSCHAKA FORTT, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | Cr. Act. No. 98-24-CFC |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff. | ) | |

Tschaka Fortt. *Pro se* Movant.

Alexander P. Ibrahim, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware.  Attorney for Respondent.


**MEMORANDUM OPINION**


July 11, 2022
Wilmington, Delaware

CONNOLLY, CHIEF JUDGE:

## I.    INTRODUCTION

Pending before the Court is Tschaka Fortt's Motion for Review of Sentence, Time

Credit, or Reduction/Modification of Sentence Pursuant to 18 U.S.C. § 3582(c).[1]  (D.I.

97)  Fortt contends his original 1998 41-month sentence for Count One[2] is illegal

because the sentencing judge failed to specify that it should run concurrently with his

undischarged future Delaware sentence, as required under the "mandatory directive" in

U.S.S.G. § 5G1.3(b) that was in effect at the time of his sentencing.  (D.I. 97)  The

Government filed a Letter Response in opposition, arguing that Fortt's request cannot

be considered under § 3582 because it constitutes a time-barred Motion to Vacate,

Correct, or Sentence under 28 U.S.C. § 2255.  (D.I. 101)  Fortt filed a Reply contesting

the Government's characterization of his request as a § 2255 motion.  (D.I. 103 at 3)

Fortt argues that he is "simply requesting this Honorable court to consider modifying his

sentence to include time credit based on the 'intervening change of law' in Amendment

---

[1]Fortt's Motion also cites 18 U.S.C. § 3742. The citation to § 3742 is misplaced, because that statute only conveys appellate jurisdiction. *See, e.g., United States v. Rodriguez*, 855 F.3d 526, 531-32 (3d Cir. 2017).

[2]Although Fortt does not specifically identify which of his two federal sentences he believes is illegal, his repeated description of the sentence as "federal drug offense sentence" indicates that he means the sentence imposed for his conviction on Count One. (*See* D.I. 97 at 2, 4)  The fact that 18 U.S.C. § 924(c)(1)(D)(ii) prohibits running § 924(c)'s mandatory minimum sentence of five years concurrently with "any other terms of imprisonment" supports this conclusion.

1

787," which incorporated an amendment to U.S.S.G § 5G1.3(c).  (D.I. 103 at 4)  For the

reasons discussed, the Court will deny Fortt's § 3582(c) Motion.

## II.    BACKGROUND

In February 1998, a federal grand jury returned a three-count Indictment against

Fortt, charging him with: (1) conspiracy to distribute cocaine in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(C), and 846 (Count One); (2) using a firearm during and in relation

to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (Count Two); and (3)

aiding and abetting the distribution of cocaine in violation of 18 U.S.C. §§ 841(a)(1),

(b)(1)(C) and § 2 (Count Three).  (D.I. 9)  Because Fortt was in state custody at the time

on separate state charges, he was brought into federal custody on a writ of habeas

corpus ad prosequendum.  Fortt pled guilty to Counts One and Two.  Count Three was

dismissed upon the Government's motion.  (*See* D.I. 25)  The Court sentenced him to

41 months imprisonment on Count One and 60 months imprisonment on Count Two, to

run consecutively for a total of 101 months. The judgment was silent as to whether

Fortt's federal sentence would run consecutively to or concurrently with any time

imposed by the State of Delaware on its unrelated charges.  Fortt was then returned to

state custody and was sentenced by a state court in December 1999 to 22 years in

state prison for attempted first degree robbery, possession of a firearm during

commission of a felony, possession with intent to distribute a controlled substance, and

violation of probation.  While in state custody, Fortt sought to have his federal sentence

begin running while he was serving his state sentence.  Fortt's request was denied by

the Federal Bureau of Prisons (BOP).  (*See* D.I. 58 ¶¶ 5-9)  The BOP's denial was then

2

affirmed by Judge Robinson of the U.S. District Court for the District of Delaware, (*see id.* ¶¶ 16-17; D.I. 59), and the Third Circuit (*See* D.I. 67).  When Fortt completed his state sentence in early 2018, he was transferred to federal custody.  In August 2018, Fortt's 41-month sentence on Count One was reduced to 30 months based on retroactive amendments to the drug guidelines, resulting in an overall 90-month federal sentence.  Fortt is now serving the remainder of that 90 months and is scheduled to be released in July 2024.

In May 2020, after filing a request for release with the BOP that was denied, Fortt filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), asking the Court to order his immediate release from prison based on the COVID-19 pandemic and the fact that he has had to serve his federal sentence consecutive to the 22-year state sentence.  (D.I. 88)  The Court denied Fortt's motion for compassionate release on August 26, 2020.  (D.I 95; D.I. 96)

In January 2021, Fortt filed the instant Motion for Review of Sentence, Time Credit, or Reduction/Modification of Sentence pursuant to 18 U.S.C. § 3582(c).  (D.I. 97)  The Government filed a Response Letter in Opposition (D.I. 101), to which Fortt filed a Reply (D.I. 103).

## III.   DISCUSSION

In his initial § 3582(c) Motion, Fortt argues that the sentencing court committed a "fundamental error" creating a "serious miscarriage of justice" in 1998 by failing to order his federal sentence for Count One to run concurrently with his undischarged future Delaware state sentence in accordance with the 1998 version of U.S.S.G. § 5G1.3(b).

3

(D.I. 97)  For relief, he asks the Court to credit his now-reduced 30-month federal sentence for Count One with the "entire 60-month" Delaware state sentence he has served which, when calculated with the appropriate amount of time-served on the rest of his federal sentence, demonstrates that his federal sentence was completed in November 2020.  (D.I. 97 at 4-6)  The Government contends that Fortt's initial § 3582(c) Motion challenges the legality of his 1998 sentence and, therefore, should be construed to be a motion to vacate/set aside sentence under 28 U.S.C. § 2255.  (D.I. 101)

In his Reply, Fortt disputes the Government's characterization of his request as constituting a challenge under § 2255.  (D.I. 103)  He asserts a need to "clarify his intent" as a request to modify/reduce his sentence to include time credit based on Amended 5G1.3(c)" and "the intervening change of law in Amendment 787."  (D.I. 103 at 3-4)

Based on the foregoing, the Court liberally construes Fortt's initial § 3582(c) motion to be a § 2255 motion challenging the legality of his 1998 sentence for Count One,[3] and his Reply to be a § 3582(c)(2) motion seeking a modification of his 1998 sentence.[4]  For the reasons set forth below, the Court concludes that both requests are unavailing.

---

[3]The requirement to provide Fortt with advance notice of this recharacterization as set forth in *United States v. Miller*, 197 F.3d 644, 652 (3d Cir. 1999) has been satisfied by: (1) the Government's discussion concerning the recharacterization of Fortt's request as a § 2255 motion; (2) the fact that Fortt had an opportunity to respond to the Government's recharacterization argument; and (3) the fact that the Court is considering Fortt's request under both § 2255 and § 3582(c).

[4]Although the Reply references 18 U.S.C. § 3582(c), the language in the Reply ("intervening change in law" and "Amendment 787") implicates subsection (c)(2).

4

## A.  Re-Characterized Motion Filed Pursuant to 28 U.S.C. § 2255

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a

one-year period of limitation on the filing of a § 2255 motion by federal prisoners.  *See*

28 U.S.C. § 2255.  The one-year limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes
> final;
>
> (2) the date on which the impediment to making a motion
> created by governmental action in violation of the Constitution
> or laws of the United States is removed, if the movant was
> prevented from making a motion by such governmental
> action;
>
> (3) the date on which the right asserted was initially
> recognized by the Supreme Court, if that right has been newly
> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise
> of due diligence.

28 U.S.C. § 2255(f).  The one-year limitations period is subject to equitable tolling.  *See*

*Holland v. Florida*, 560 U.S. 631, 645-46 (2010) (equitable tolling applies in § 2254

proceedings); *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir.

1998) (explaining that one-year limitations period set forth in § 2255 is also subject to

equitable tolling).

Fortt does not allege, and the Court cannot discern, any facts triggering the

application of § 2255(f)(2), (3) or (4).  Consequently, the one-year period of limitations

---

Additionally, Fortt's prior Motion to Reduce/Modify Sentence was filed pursuant to 18
U.S.C. § 3582(c)(1)(A), (D.I. 88), and nothing in the instant Motion challenges the basis
of the Court's denial of that § 3582(c)(1)(A) motion.  Thus, the Court construes the
instant Motion as though filed pursuant to § 3582(c)(2).

began to run when Fortt's conviction became final under § 2255(f)(1), which was

October 4, 1999, the date on which the United States Supreme Court denied his petition

for writ of certiorari. (D.I. 34)  Applying one-year to that date, Fortt had to file his § 2255

Motion no later than October 4, 2000.  *See Wilson v. Beard*, 426 F.3d 653 (3d Cir.

2005) (holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas

petitions); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015)

(AEDPA's one-year limitations period is calculated according to anniversary method,

*i.e.*, limitations period expires on anniversary date of triggering event for starting

limitations period).  Fortt did not file the instant § 2255 Motion until January 24, 2021,[5]

more than 20 years after the expiration of the filing deadline.  Thus, Fortt's § 2255

Motion is time-barred, unless the limitations can be equitably tolled.

The one-year limitations period may be tolled for equitable reasons only if a

movant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way and prevented timely filing." *Holland*,

560 U.S. at 648-49.  Equitable tolling is not available where the late filing is due to a

movant's excusable neglect. *See Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004);

*Miller*, 145 F.3d at 618-19.  Consistent with these principles, the Third Circuit has

specifically limited equitable tolling of § 2255's limitations period to the following

circumstances:

> (1) where the defendant actively misled the plaintiff;

---

[5]Pursuant to the prison mailbox rule, the Court adopts the date on the Motion – January 24, 2021 – as the date of filing.  (D.I. 48 at 25); *see Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("[A] *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it prison officials for mailing . . . .").

> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).  The movant bears the burden of showing that an extraordinary circumstance stood in his way.  *See McAleese v. Brennan*, 483 F.3d 206, 219 (3d Cir. 2007).

Fortt does not assert that he was misled, that he mistakenly asserted his rights in the wrong forum, or that any extraordinary circumstances prevented him from filing his Motion on time.  In fact, Fortt has been seeking to have his federal sentence run concurrently with his state sentence since at least November 1999, when he wrote the Court asking for his sentence to be modified for that purpose.  (D.I. 35)  To the extent Fortt's untimely filing was the result of legal ignorance or a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period.  *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

For these reasons, the doctrine of equitable tolling is not available to Fortt on the facts he has presented.  Accordingly, the instant § 2255 Motion is time-barred.[6]

---

[6]Even if the § 2255 Motion were not untimely, Fortt's contention that his original 41-month sentence for Count One is illegal because the sentencing court did not comply with § 5G1.3's terms lacks merit.  The 1998 version of U.S.S.G. § 5G1.3(b) in effect at the time of Fortt's federal sentencing only applied to state sentences that were already imposed.  Fortt, however, was sentenced for his Delaware state offenses after his federal sentencing.  Therefore, the 1998 version of § 5G1.3(b) could not have been applied to Fortt's case.

7

### B.  Motion Filed Pursuant to 18 U.S.C. § 3582(c)(2)

Section 3582(c)(2) authorizes a court to reduce a sentence for a "defendant who

has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §

994(o) ... if such a reduction is consistent with applicable policy statements issued by

the Sentencing Commission."  *See* 18 U.S.C. § 3582(c)(2).  The applicable policy

statement asserts that a reduction in the term of a defendant's sentence is "not

consistent with this policy statement" and, therefore, not authorized under § 3582(c)(2) if

"[n]one of the amendments listed in subsection (d) is applicable to the defendant . . . "

U.S.S.G. § 1B1.10(a)(2); *see Dillon v. United States*, 560 U.S. 817, 821 (2010) (stating

that U.S.S.G. § 1B1.10 is the applicable policy statement).  Consequently, in order for a

defendant to be eligible for a sentence reduction based on an amendment reducing a

guidelines range, the amendment must be listed in U.S.S.G. § 1B.10(d).  *See United

States v. Prophet*, 989 F.3d 231, 238-39 (3d Cir. 2021) (explaining that, with respect to

the difference between relief under § 2255 and relief under § 3582(c)(2), "the

Commission's list of retroactive amendments in § 1B1.10(d) is only relevant when a

defendant brings a motion for resentencing under § 3582(c)."); *United States v. Wise*,

515 F.3d 207, 221 (3d Cir. 2008).

By his Reply, Fortt contends that a modification of his sentence is appropriate

based on Amendment 787, which amended U.S.S.G. § 5G1.3 by adding a new

subsection (c).  As amended, § 5G1.3(c) provides: "If […] a state term of imprisonment

is anticipated to result from another offense that is relevant conduct to the instant

8

offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §

1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run

concurrently to the anticipated term of imprisonment." U.S.S.G. § 5G1.3(c) (2014).  At a

minimum, "an 'anticipated' state sentence [as contemplated in § 5G1.3(c)] must […]

encompass sentences associated with state charges for relevant conduct that are

pending at the time of a defendant's federal sentencing." *United States v. Olmeda*, 894

F.3d 89, 93 (2d Cir. 2018).  Fortt also asserts a convoluted argument as to why the

Court should exercise its discretion to "depart from the law of the case" (presumably,

the Court's prior rejections of his other sentencing modification requests) and grant him

credit for time-served because Amendment 787 constitutes an intervening change of

law.  (D.I. 103 at 3-4)

The Court rejects both arguments.  Fortt is not eligible for relief under

§ 3582(c)(2) because Amendment 787 is not listed in 1B1.10(d) and has not been made

retroactive by the Sentencing Commission.[7]  *See Dillon*, 560 U.S. at 826 (noting that

Congress has charged the Commission "with determining whether and to what extent

---

[7]Although "[c]ourts have varied in the legal characterization of § 3582(c)(2), [] [t]he Third
Circuit has referred to § 3582(c)(2) as jurisdictional." *United States v. Stratton*, 2009
WL 506365, at *4 n.7 (E.D. Pa. Feb. 27, 2009) (*citing United States v. Edwards*, 309
F.3d 110, 112 (3d Cir.2002)); *see also United States v. Freeman*, 659 F. App'x 94, 98
(3d Cir. 2016) (reiterating that § 3582(c)(2)'s two eligibility requirements are
jurisdictional).  "Essentially, the inclusion of a Guidelines amendment in [former] §
1B1.10(c) [now § 1B1.10(d)], acts as, for want of a better term, a jurisdictional trigger,
empowering a court to consider a sentencing modification under § 3582(c)(2). Once an
amendment is listed in [former] § 1B1.10(c), [now § 1B1.10(d)], a court may then
exercise discretion when determining what sentencing modification (if any) to make. In
doing so, […] any reduction must be consistent with the Sentencing Commission's
applicable policy statements." *Stratton*, 2009 WL 506365, at *4.

an amendment will be retroactive"); U.S.S.G. § 1B1.10 (a)(2)(A) (providing that a

"reduction in the defendant's term of imprisonment is not consistent with this policy

statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if – (A) None of

the amendments listed in subsection (d) is applicable to the defendant.); *see, e.g.,*

*United States v. Smith*, 2017 WL 118409, at *2 (N.D. Ill. Jan. 12, 2017) (holding that

Smith could not "rely on Amendment 787 to navigate around the finality of § 3582(c)

because that amendment was not deemed retroactively applicable by the

Commission—the amendment is not listed in § 1B1.10.")   Relatedly, although

Amendment 787 amended § 5G1.3 by adding subsection (c), § 5G1.3(c) cannot serve

as the basis for a sentence reduction under § 3582(c)(2) because Amendment 787 is

not listed among the guideline amendments to be given retroactive effect.  *See* U.S.S.G

§ 1B1.10(d); *see, e.g., United States v. Alvarez*, 2015 WL 1851658, at *5 (S.D.N.Y. Apr.

17, 2015) (holding that Alvarez was not entitled to a sentence reduction under

Amendment 787 and § 5G1.3(c) because the Amendment is not retroactive); *United*

*States v. Sayer*, 2015 WL 5568074, at *13-14 (D.Me. Sept. 21, 2015) (same).

 As for Fortt's request that the Court credit his federal sentence with time-served

in state custody, § 3582(c) is "not the appropriate vehicle under which to seek relief."

*United States v. Garris*, 2022 WL 102258, at *3 (D.N.J. Jan. 11, 2022) (*citing United*

*States v. Wilson*, 503 U.S. 329, 335 (1992)).  Rather, credit for time-served is an issue

for the Bureau of Prisons under 18 U.S.C. § 3585(b).  *See Wilson*, 503 U.S. at 335.

 For these reasons, Fortt's § 3582(c)(2) Motion to Reduce Sentence under

Amendment 787 is denied.

## IV.    EVIDENTIARY HEARING

Section 2255 requires a district court to hold a prompt evidentiary hearing unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief.  28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Fed. R. Civ. P. 8(a), 28 U.S.C. foll. § 2255.  As previously explained, the record conclusively demonstrates that Fortt is not entitled to relief under § 2255.  Therefore, the Court will deny Fortt's § 2255 Motion without an evidentiary hearing.

## V.    CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability.  *See* 3d Cir. L.A.R. 22.2 (2011).  A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court concludes that Fortt's argument under § 2255 regarding the illegality of his 1998 federal sentence lacks merit.  Reasonable jurists would not find this assessment debatable.  Therefore, the Court will not issue a certificate of appealability with respect to the denial of his § 2255 Motion.

11

## VI.    CONCLUSION

For the foregoing reasons, the Court construes Fortt's Motion for Review of Sentence, Time Credit, or Reduction/Modification of Sentence under 18 U.S.C. § 3582(c) as seeking relief under 28 U.S.C. § 2255, and his Reply as seeking relief under 18 U.S.C. § 3582(c)(2).  So construed, the Court will deny both requests.  The Court's denial of Fortt's § 2255 request is without an evidentiary hearing or the issuance of a certificate of appealability.  The Court will issue an appropriate Order.